IN THE FEDERAL DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

LORY JEAN PYLE f/k/a
LORY JEAN PYLE HUNDT
           Plaintiff,

                                                  CASE NO.:
v.                                             DIVISION:

ERIK DEL'ETOILE,
PHELAN HALLINAN PLC, a
Florida Limited Liability
Company,
           Defendants.
_____/

## COMPLAINT
## DEMAND FOR JURY TRIAL
### and
## DEMAND FOR ATTORNEY FEES

Plaintiff, Lory Jean Pyle f/k/a Lory Jean Pyle Hundt ("Ms. Pyle"), sues Defendants, Erik DeL'Etoile, Phelan Hallinan PLC, a Florida Limited Liability Company and states:

1. This is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

2. The debt sought to be collected by the Defendants herein was a consumer debt within the meaning of the FDCPA.

3. Plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

4. Jurisdiction of this court arises under 15 U.S.C. Section 1992k(d) and 28 U.S.C,

Section 1337.

5. Venue in this District is proper in that the Defendants transact business in Hillsborough County, Middle District of Florida and the conduct complained of occurred in Hillsborough County in the Middle District of Florida;

6. Plaintiff is a natural person residing in Pasco County, Florida, which is in the Middle District of Florida.

7. Defendant, Erik Del'Etoile, is a natural person who upon information and belief, transacts business in Hillsborough County, Florida.

8. Defendant Phelan Hallinan PLC, is a Florida Limited Liability Company, who upon information and belief, transacts business in Hillsborough County, Florida.

9. Defendants, Erik DeL'Etiole and Phelan Hallinan PLC are a "debt collector" as defined by the FDCPA at 15 U.S.C., Section 1692a(6).

10. On or about May 22, 2012, Defendant, Erik DeL'Etoile, an attorney with the law firm of Phelan Hallinan, PLC, filed and served a foreclosure action against Ms. Pyle and others in Hillsborough County, Florida.

11. Paragraph 10 of the Complaint alleges that Ms. Pyle owed Plaintiffs the amount of "$114,421.20". A copy of the complaint with attachments, which included the note and mortgage, are attached hereto and incorporated herein by reference as **Exhibit A.**

12. However, the note attached to the complaint stands in direct conflict with the allegations made in the complaint, as Ms. Pyle did not sign the note.

13. When the allegations of a complaint and the exhibits conflict, the exhibits control. Thus, from the face of the document it is clear that Ms. Pyle was not financially obligated to

2

repay the note.

14. Furthermore, paragraph 13 of the mortgage, also attached to the complaint, specifically states : ..."any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument...".

15. As with the note, the mortgage also directly conflicted with the allegations of the complaint and thus the mortgage was also controlling.

16. Finally, Defendants' "WHEREFORE" clause sought among other things, foreclosure of the mortgage, attorney's fees and a deficiency judgment against Ms. Pyle.

17. Approximately nine (9) months before in institution of the foreclosure action by Defendants, Ms. Pyle and Jay Charles Hundt ("Mr. Hundt"), another named defendant in the foreclosure action had their marriage dissolved by virtue of a Marital Settlement Agreement ("Settlement Agreement") and subsequent entry of a Final Judgment of Dissolution of Marriage ("Final Judgment").

18. In accordance with the terms of the Settlement Agreement and Final Judgment and prior to the institution of the foreclosure action by Defendants, Ms. Pyle conveyed by quitclaim deed, her interest in the property to Mr. Hundt, such conveyance being a matter of public record. A copy of the quitclaim deed is attached hereto and incorporated herein by reference as **Exhibit B.**

19. Defendants violated the FDCPA by bringing suit against Ms. Pyle even though she was not was not a signatory on the note; was only a signer under the mortgage (for the purpose of

3

granting a security interest); and her interest was conveyed by quitclaim deed prior to the filing of the foreclosure action.

20. After being retained by Ms. Pyle, attorney Brett Wadsworth of the law firm of Brett Wadsworth, LC contacted Defendants (who were counsel for the Plaintiff, Bank of America in the foreclosure action), for the purpose of notifying them of the inconsistencies between the complaint and exhibits.

21. At that time, Attorney Wadsworth also pointed-out that Ms. Pyle had transferred her interest in the property by quitclaim deed and as such, Ms. Pyle was not a proper party to the foreclosure action and should be dismissed as a party.

22. Defendants initially failed to take action to remove Ms. Pyle from the cause of action.

23. Only after further calls and demands, Defendants purported to dismiss Ms. Pyle from the foreclosure action by virtue of *Notice of Dropping Party Defendant*. A copy of the on-line docket sheet is attached hereto and incorporated herein by reference as **Exhibit C**.

24. By virtue of the above-described acts, Defendants committed violations of the FDCPA in connection with debt collection, as prohibited by the Act.

25. As a result of Defendants violations, Ms. Pyle has been damaged and continues to suffer damages, including the incurrence of attorney's fees, costs, mediator fees, damage to her credit rating as well as cause her humiliation, embarrassment, anxiety, sleepless nights, worry and other emotional distress.

26. For the violations of the FDCPA, Defendants are liable to Ms. Pyle for actual and statutory damages, together with costs and attorneys fees, as provided in 15 U.S.C. Section 1692k.

**WHEREFORE**, Ms. Pyle demands judgment against the Defendants for actual damages, statutory damages, attorney's fees, costs, expenses and such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury on all issues so triable.

BRETT WADSWORTH, LC

_____
Brett Wadsworth, Esquire
FL BAR NO.: 47988
P.O. Box 270118
Tampa, FL 33688
(813) 926-8862 (p)
(813) 931-5183 (f)
eservice@bwpalaw.com
Attorney for Plaintiff