# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LORY JEAN PYLE,

    Plaintiff,

v.                                        CASE NO: 8:12-cv-2715-T-26-TBM

ERIK DEL 'ETOILE and
PHELAN HALLINAN, PLC,

    Defendants.
_____/

## O R D E R

**UPON DUE CONSIDERATION** of the pleadings on file, as well as Plaintiff's submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses and Answer (Dkt. 8) is **denied**.[1] In the Court's view, Plaintiff has failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to Plaintiff. See United States v. MLU Serv., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party)

---

[1] In light of this disposition of the motion, the Court needs no response from Defendant Phelan Hallinan, PLC.

(quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)). As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)). Plaintiff may renew its objections to the affirmative defenses within the context of a motion for summary judgment after the close of discovery.

Plaintiff's Alternative Motion for an Order Allowing Plaintiff to Reply to Defendant's Affirmative Defenses (Dkt. 8) is denied as unnecessary.[2] Inasmuch as Plaintiff is not required to file a responsive pleading with respect to Defendant Phelan Hallinan, PLC's answer and affirmative defenses, its affirmative defenses are considered denied or avoided. See Fed. R. Civ. P. 7(a)(1-7) (listing only those pleadings which are allowed to be filed, which includes "a reply to an answer" but only if ordered by the court); Fed. R. Civ. P. 8(b)(6) (providing in pertinent part that "[i]f a responsive pleading is not required, an allegation is considered denied or avoided."); see also Thompson v. Walker, 2010 WL 3952894, at *2 (D. Or. 2010) (rejecting defendant's argument on the basis of Rules 7(a)(7) and 8(b)(6) that plaintiffs were required to file a reply to defendant's answer). Additionally, the Court can perceive of no reason why it should

---

[2] In light of this disposition of the alternative motion, the Court again needs no response from Defendant Phelan Hallinan PLC and also declines Plaintiff's request that the Court defer ruling on the motion until February 1, 2013.

enter an order under 7(a)(7) directing Plaintiff to file a reply to Defendant Phelan Hallinan, PLC's answer and affirmative defenses.

**DONE AND ORDERED** at Tampa, Florida, on January 17, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record